# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1233 | **DATE** | 11/24/2004 |
| **CASE TITLE** | Lee vs. Marcus Lyles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court dismisses all of Lee's claims against Lyles and Snooks except his claims based on withholding of his incoming mail and their involvement in placing him in secretion. The Clerk is directed to amend the caption of the case to reflect that the only remaining defendants are Marcus Lyles and Thomas Snooks. Plaintiff and counsel for defendant are directed to file, on or before 12/15/04, separate status reports identifying what discovery they believe is appropriate on the remaining claims. Status hearing set to 12/20/04 at 9:30 am..

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02 C 1233 |
| ) | |
| MARCUS LYLES and THOMAS SNOOKS, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
NOV 3 0 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case was remanded by the Seventh Circuit for consideration of the claims of Reginald Lee against Thomas Snooks and Marcus Lyles, who are or were officials of the Cook County Jail. *See Lee v. Bernard,* No. 02-2603, unpublished order (7th Cir. Mar. 27, 2003). In a status report filed after remand, defendants asserted they were immune from suit. The Court ordered briefing on this subject.

In his *pro se* complaint, Lee alleges that in mid-October 2001, while he was awaiting trial on state criminal charges, a prosecutor (who is no longer a defendant) alleged that Lee had been involved in criminal acts, including a kidnapping and two shootings, to intimidate potential witnesses. Cplt. ¶¶ 4-12. After considering these allegations, the state court judge presiding over Lee's case entered an order which provided that Lee could visit only with counsel, could not telephone anyone other than counsel, had to make calls to counsel in the presence of Cook County Jail staff, and could not send letters to anyone, and that his incoming mail would be reviewed by Jail staff. *Id.* ¶¶ 13-18.

The judge's order was transmitted to defendant Lyles, who had Lee transferred to

"administrative segregation" and, along with defendant Snooks, directed Jail staff to carry out the terms of the court's order. *Id.* ¶¶ 27-33. Lee tried to send letters to legal organizations seeking assistance in challenging the court's order, but the defendants refused to deliver the letters. *Id.* ¶¶ 34-35. The defendants also diverted Lee's incoming mail, including mail from family members, except for some money orders. *Id.* ¶¶ 36-37. Lee alleges that several days later, Chicago police announced that the incidents involving the witnesses were "necessarily" tied to Lee, but his privileges were not restored. *Id.* ¶¶ 41-42.

Lee says that due to the restrictions, he suffered emotional distress and attempted suicide. *Id.* ¶¶ 43-45. In January 2002, his incoming mail was provided to him, and he was permitted to send out "legal mail," but his other privileges were not restored. *Id.* ¶¶ 46-47.

Lee's claims against Lyles and Snooks are that they violated his First and Fourteenth Amendment rights by denying him oral and written communication with his family and by restricting his telephone, correspondence, and visitation privileges. Cplt., Cts. 1 & 2. Defendants argue that they are entitled to immunity under the Eleventh Amendment because they were acting as state officials, absolute judicial immunity because they were carrying out a judge's order, and qualified immunity due to their reliance on that order.

The defendants are entitled to Eleventh Amendment immunity, though only to the extent they are sued in their official capacities. The reason is that they are being sued for official acts to carry out the order of a state court judge, who is an official of the State of Illinois for Eleventh Amendment purposes. *See, e.g., Scott v. O'Grady,* 975 F.2d 366, 371 (7th Cir. 1992). The Eleventh Amendment does not, however, bar Lee's claims for damages against the defendants in their individual capacities. *See Brokaw v. Mercer County,* 235 F.3d 1000, 1009 (7th Cir. 2000).

2

However, Lee may not pursue a claim against either defendant to the extent they are claimed to have been carrying out a judicial order. An official is entitled to quasi-judicial absolute immunity when sued for taking actions ordered by a judge. *See, e.g., Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001); *Henry v. Farmer State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). For this reason, Lee cannot pursue claims against Lyles or Snooks for taking the actions that the judge had ordered.

In this regard, the Court is constrained to note that the judge's order, which from what we have been told barred *all* outgoing correspondence, had serious First Amendment implications to the extent as it prevented him from communicating with courts. Among other things, the order would have prevented Lee from filing a *pro se* challenge to the judge's order in the Illinois Appellate Court or this Court. On the other hand, Lee was represented by and able to communicate with counsel, and counsel could have pursued an appeal or other challenge to the judge's order if Lee instructed them to do so. But one way or another, this is of no consequence in the present context. Lyles and Snooks are entitled to immunity from suit, as they were simply carrying out the judge's order, at risk of a contempt citation if they refused. Lee's claims against Lyles and Snooks for barring Lee from visits, telephone contact, and outgoing correspondence with persons other than counsel, and for screening his incoming mail, are therefore dismissed on the basis of absolute immunity.

The final question is whether this leaves anything of Lee's claims. Lee says it does; he argues that he was placed in segregation in violation of due process, and that actually keeping his incoming mail from him after screening it went beyond the terms of the judge's order. The second claim is not barred by absolute immunity; *Richman* holds that absolute immunity protects

3

an official from suit only for challenges to "conduct specifically directed by the judge," *Richman*, 270 F.3d at 437, and at this point we cannot say that the judge's order permitted jail officials to *withhold* Lee's incoming mail, as opposed to simply screening it for references to threats, intimidation, and the like. Because defendants' qualified immunity defense is likewise based on their claim of reliance on the judge's order, we reject that defense as well.

The claim regarding Lee's placement in segregation is likewise not barred by absolute immunity, at least not at the present juncture. It is unclear at this point why Lee was put in segregation. It is conceivable he was placed there for disciplinary reasons. If so, the conduct is not immunized by the judge's order (which from what we can tell did not require placement in segregation), and due process was required. *See, e.g., Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Because the Court is dealing at this juncture only with the sufficiency of Lee's complaint, we must construe it in the light most favorable to him, and thus we cannot dismiss the segregation claim on immunity grounds.

## Conclusion

For the reasons stated above, the Court dismisses on immunity grounds all of Lee's claims against Lyles and Snooks except his claims based on their withholding of his incoming mail and their involvement in placing him in segregation. Defendants are ordered to respond to Counts 1 and 2 to the extent they include these claims within 14 days of this order. The Clerk is directed to amend the caption of the case to reflect that the only remaining defendants are Marcus Lyles and Thomas Snooks. Plaintiff and counsel for defendants are directed to file, on or before December 15, 2004, separate status reports identifying what discovery they believe is appropriate

4

on the remaining claims. The case is set for a status hearing on December 20, 2004 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 24, 2004